STATE OF VERMONT

ENVIRONMENTAL COURT

Secretary, Vermont Agency of  }
Natural Resources, Plaintiff,  }
                               }
                               }  Docket No 234-11-99 Vtec
v                              }
                               }
Diane Harakaly, Defendant.     }

Decision and Order

On October 27, 1998, the Secretary of the Vermont Agency of Natural Resources (ANR) issued an administrative order pursuant to 10 V.S.A. § 8008 regarding Defendant Diane Harakaly, which was served on her on October 28, 1998. The administrative order described as the remaining violation that Defendant had failed to install an approved on-site water supply system pursuant to Subdivision Permit No. EC-5-2363. The administrative order required Defendant to pay a penalty of $1,000 and either to install a drilled well by November 30, 1998 or to submit an amendment application requesting approval of an alternative water system prior to November 13, 1998, and provided for the extension of those deadlines.

Defendant did not request a hearing regarding the administrative order, which became final. On November 29, 1999, the Secretary of the Vermont Agency of Natural Resources filed a complaint for enforcement of the final administrative order, pursuant to 10 V.S.A. § 8014(a). The summons and complaint was served on Defendant on November 20, 1999. She did not file an answer to the complaint. The Secretary moved for default, and a default judgment was entered on January 21, 2000, ordering Defendant to pay the penalty and to install an approved water supply system within 90 days. This order also gave Defendant the choice of installing a drilled well according to the plan referred to in Subdivision Permit No. EC-5-2363, or applying for an amendment of that permit for an alternative water system.

The Secretary had the default order personally served on Defendant on April 27, 2000. Defendant did not move to vacate the default order or otherwise respond to the personal service of the order. The Secretary petitioned for contempt. At the contempt hearing, Ms. Harakaly represented herself; the Secretary of the Agency of Natural Resources is represented by Catharine Gjessing, Esq. The parties were given the opportunity to submit written memoranda after the hearing. Upon consideration of the evidence and the written memoranda, the Court finds and concludes as follows.

Defendant owns property on Codding Hollow Road in Waterville, Vermont, known as Lot 5, subject to Subdivision Permit No. EC-5-2363. She and her four children reside in the house on that property.

Section 2.1 of Subdivision Permit No. EC-5-2363 provides that the lots in the subdivision " are approved for an on-site water supply from individual drilled wells, provided that each well is

located as shown on the plans and meets or exceeds the isolation distances required by the Environmental Protection Rules."

Defendant has been ' improvising' an unacceptable water source for many years. While she states she ' recognizes' the dangers of this improvisation, she has chosen instead to devote her limited financial resources to the care and upbringing of her four children and herself. This is a laudable goal and the Court recognizes her success in having a child graduating from college. Nevertheless, over the history of this case, Defendant had ample opportunity to contest or negotiate the requirements that have been imposed on her. She did not do so, and it is unacceptable in our legal system for her to simply ignore administrative and Court orders. On the other hand, real inability to comply is a defense to civil contempt.

We find that while Defendant may have a present financial inability to have a drilled well installed, she did not come forward with the evidence of her financial situation sufficient for the Court to make such a finding. Further, even if she cannot afford to have all the stages of work done at once, we find that she is able to comply in part by submitting the amendment application given as an alternative in the last order. In addition, she testified about her desire to sell the property, and the installation of an approvable water source by the purchaser must be made a condition of any such sale, if Defendant has not come into compliance in advance of that event. Plaintiff may apply under V.R.C.P. 70 to place any such notice in the land records.

Accordingly, it is hereby ORDERED and ADJUDGED that Defendant is in Contempt of the Court' s order, and shall come into compliance by taking one or more of the following alternative actions within the following time frames:

Either A.

1) within 15 days from the date of this order, discuss with and obtain in writing from John Klimenok, Jr., Assistant Regional Engineer, the requirements for approval of an request for amnesty to install a dug well instead of a drilled well on the property; AND

2) within 30 days from the date of this order, hire a Vermont-registered Professional Engineer or Site Technician to conduct a site inspection with Mr. Klimenok to determine the best location on the property for a dug well; AND

3) within 60 days from the date of this order install the dug well and have it inspected as required by Mr. Klimenok; AND

4) within 75 days from the date of this order, submit an administratively complete request for amnesty to Mr. Klimenok for approval of the installation of the dug well in lieu of the drilled well.


OR B.

Within 60 days from the date of this order, install a drilled well as required by Subdivision Permit No. EC-5-2363, after first having obtained approval of the location of the drilled well from Mr. Klimenok.

OR C.

Within 15 days from the date of this order, apply to the Court for a ruling that Defendant lacks the present ability to comply with <u>any</u> of the requested actions. This application will have to be supported by a full disclosure of Defendant's financial resources and situation from which the Court may make a determination of ability or inability to comply, with copies supplied to Attorney Gjessing. If such an application is made, the Court will promptly schedule a hearing on the request, after time for Attorney Gjessing to respond and prepare for the hearing.

With regard to any of these alternatives, Defendant shall respond promptly to any review comments, requests for information or directives from any Agency personnel, or shall promptly submit a request in writing to this Court, with a copy to the Attorney Gjessing, for relief from having to perform the requested action. The Court will not accept any future unilateral decisions by Defendant simply to disregard such requests, directives or orders.

As Defendant mentions in her filing with the Court, Mr. Klimenok from the Agency discussed with her after the hearing some alternative options, which may differ from the above order. The parties are free to pursue any other alternatives and to submit them for approval as an amendment of this order, if they wish to do so.

Done at Barre, Vermont, this 15th day of June, 2001.

_____
Merideth Wright
Environmental Judge